UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASIA SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR-CCWF MEDICAL STAFF, et al,<br><br>    Defendants. | Case No. 1:22-cv-00809-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FOR FAILING TO PROSECUTE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 8) |

This matter came before the Court upon review of the file. As set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to fully and properly exhaust her administrative remedies before initiating the lawsuit as admitted on the face of the Complaint, or alternatively for failure to prosecute this action and timely comply with the Court's order. (Doc. No. 8).

**BACKGROUND AND FACTS**

Plaintiff Tasia Smith, a state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on July 1, 2022. (Doc. No. 1). On August 2, 2022, the Court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

entered an order directing Plaintiff to show cause why the action should not be dismissed for failure to exhaust administrative remedies prior to initiating the lawsuit. (Doc. No. 8). Plaintiff was directed to file a response within fourteen days of receiving the order. (*Id.* at 2). The Court advised Plaintiff that she could alternatively file a notice of voluntary dismissal. (*Id.*). Finally, Plaintiff was advised that her failure to timely respond to the order would result in the recommendation that this case be dismissed for failure to comply with a court order or to prosecute his action. (*Id*. at 3). As of the date on this order, Plaintiff has not filed a response to the Order to Show Cause and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

As noted in the August 2, 2022 Order to Show Cause, Plaintiff acknowledges on the face of Complaint that she did not complete the administrative process before filing the lawsuit. (Doc. No. 1 at 2). Further, Plaintiff was directed to address the exhaustion issue by responding to the Court's Order to Show Cause and did not do so.

Courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). The Prison Litigation Reform Act of 1995 requires:

> No action shall be brought with respect to prison conditions under section 12983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). The availability of administrative remedies must be assessed at the time the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017); *see also Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022)(noting a plaintiff could supplement, or amend his or her complaint after he or she exhausts his administrative remedies).

The exhaustion procedures set forth by the California Department of Correction and Rehabilitation ("CDCR") requires an inmate to proceed through three formal levels of review unless otherwise excused under the regulation to exhaust available remedies. *See generally* Cal.

1 Code Regs. tit. 15 § 3480-3486.3 (2002).

*Supra*, Plaintiff admits on her Complaint form that she has not yet completed the grievance process for the claim at issue. (*See* Doc. No. 1 at 2). More specifically, Plaintiff checks "no" on the complaint form in response to whether she submitted an appeal or request administrative relief. (*Id.*). Plaintiff explains that she is still waiting for the Chief Office of Appeals to make a ruling on her appeal. (*Id.*). If a court concludes that a prisoner failed to exhaust her available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Thus, this action should be dismissed due to Plaintiff's failure to exhaust administrative remedies fully and properly before initiating this lawsuit. *See generally Albino*, 747 F.3d at 1166 (noting a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint.").

**Failure to prosecute and/or comply with the Courts orders**

Alternatively, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added);

3

*Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because the district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

The undersigned considers the above-stated factors and concludes they favor dismissal of this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). The instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Here, Plaintiff has not responded to the Court's Order to Show Cause. A case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for

failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears Plaintiff has abandoned this action, or perhaps has decided to turn her attention toward exhausting his administrative remedies with the CDCR.  Nonetheless, Plaintiff's failure to respond to the Court's Order warrants the sanction of dismissal without prejudice under the circumstances.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

1. This case be dismissed without prejudice for Plaintiff's failure to exhaust her administrative remedies before initiating the instant action.

2. The case be dismissed without prejudice for prosecute this action and/or comply with the Court's orders under Fed. R. Civ. P. 41 and Local Rule 110.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     September 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5