UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASIA SMITH,<br><br>              Plaintiff,<br><br>     v.<br><br>CDCR-CCW MEDICAL STAFF, et al,<br><br>              Defendants. | Case No. 1:22-cv-00809-ADA-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 10) |

Plaintiff Tasia Smith, a state prisoner, initiated this action proceeding pro se by filing a civil rights complaint pursuant to 42 U.S.C § 1983. (ECF No. 1). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 2, 2022, the assigned magistrate judge issued an order directing Plaintiff to show cause why this action should not be dismissed for failure to exhaust her administrative remedies prior to initiating the lawsuit. (ECF No. 8). Plaintiff had fourteen days to file a response. (*Id*. at 2). The Court advised Plaintiff that she could, in the alternative, file a notice of voluntarily dismissal. (*Id*.). Finally, the Court advised Plaintiff that her failure to respond timely to the order would result in the recommendation that her case be dismissed for failure to comply with a court order or to prosecute this action. (*Id*. at 3). Plaintiff did not file a response.

As a result, the Magistrate Judge issued findings and recommendation on September 2, 2022, recommending that the District Court dismiss this action due to Plaintiff's failure to

prosecute and comply with a court order. (ECF No. 10). The findings and recommendations served on Plaintiff contained notice that any objections to the findings and recommendations were due in fourteen days. (*Id.* at 5).

Plaintiff timely filed objections to the Magistrate Judge's findings and recommendation. (ECF No. 11). In Plaintiff's objections she includes a copy the grievance form, CDCR 602-1, for her institutional level review as well as a letter from the California Correctional Health Care Services explaining the institutional level response. (*Id*. at 2–7). Plaintiff demonstrated that her grievance was denied at the institutional level; however, she indicates she has yet to appeal the decision for headquarters' level review, stating, "I have received the copy of the grievance stating the course and fact that it was denied and I will take it to a higher level." (*Id*.).

A court may dismiss a claim if failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). The Prison Litigation Reform Act of 1995 states:

> No action shall be brought with respect to prison conditions under section 12983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C. § 1997(e)(a); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). The availability of administrative remedies must be assessed at the time the prisoner filed the action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017); *see also Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022) (noting a plaintiff could supplement or amend a complaint after exhausting administrative remedies).

The exhaustion procedures set forth by the California Department of Correction and Rehabilitation ("CDCR") require an inmate to proceed through three levels of review unless otherwise excused. *See generally* Cal. Code Regs. tit. 15 § 3480–3486.3 (2002); *see also* Cal. Code Regs. tit. 15 § 3999.225–3999.237 (2002) (discussing health care grievances).

Here, Plaintiff admits in her complaint form that she has not completed the grievance process for the claim at issue. (*See* ECF No. 1 at 2). Furthermore, Plaintiff indicates in her objections that she has not exhausted her administrative remedies by stating that she is going to

appeal the institutional level review. (*See* ECF No. 11 at 1). It is clear, both on the face of Plaintiff's complaint and through her objections to the Magistrate Judge's findings and recommendation that she has not exhausted her administrative remedies.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 2, 2022 (ECF No. 10) are adopted in full;
2. This case is dismissed, without prejudice; and
3. The Clerk of Court is directed to terminate any pending motions/deadlines, enter judgment accordingly, and close this case.

IT IS SO ORDERED.

Dated:   November 2, 2022

UNITED STATES DISTRICT JUDGE